UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ROSS E. TURNER, #1380813**

    **Petitioner,**

v.                                                                                 **Civil No. 2:12CV680**

**HAROLD W. CLARKE,**
**Director of the Virginia Department of Corrections,**

    **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ross E. Turner seeks a writ of habeas corpus to resolve a variety of alleged errors underlying his state conviction. The respondent moved to dismiss Turner's petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. Several of Turner's claims were never properly presented to the Supreme Court of Virginia, and therefore the undersigned recommends the Court find that they are procedurally defaulted. As for the remaining claims, because the Virginia decisions rejecting them are not based on any unreasonable determination of fact or application of law, nor contrary to federal law, the undersigned recommends that the respondent's motion be GRANTED and the petition DISMISSED.

### I.    STATEMENT OF THE CASE

On May 19, 2009, following a jury trial, the Circuit Court of Arlington County convicted Turner of malicious wounding. (ECF No. 9-1). The court sentenced him to eight years, four months in prison with three years post-release supervision carrying a potential penalty of three

1

more years in prison if certain conditions are violated. Id.

Turner appealed his conviction to the Court of Appeals of Virginia. (Pet., ECF No. 1 at 2). He alleged the trial court committed several errors, contending that:

(1) the trial court erred in denying his motion to dismiss the case for lack of jurisdiction based upon the Commonwealth's failure to comply with the Interstate Agreement on Detainers Act. He also claim[ed] he was deprived of his right to a habeas corpus hearing to contest the extradition . . . and assert[ed] that the procedure for extradition was not followed;

(2) the trial court erred in refusing to allow him to be present at the January 5, 2009 hearing. [He] maintain[ed] his absence violated his due process and statutory rights to be present at all stages of trial proceedings;

(3) pursuant to Code § 19.2-158, the trial court was required to have him appear on January 5, 2009, and advise him: "of amount of his bail, provide [him] an opportunity to contest his bail, inform [him] of his right to counsel, and provide [him] an opportunity to seek counsel of his choice or to apply for court-appointed counsel.";

(4) the trial court "forced unwanted counsel" upon him at the January 5, 2009 hearing, thereby violating his Sixth Amendment rights;

(5) the trial court erred in arraigning him immediately prior to trial rather than on January 5, 2009;

(6) the trial court violated his right to due process by denying his motion to continue the trial date;

(7) the Commonwealth's attorney violated his Fifth Amendment right to remain silent by commenting on his failure to testify; and

(8) even if the errors asserted on appeal are considered [individually] harmless, his conviction should be reversed under the "cumulative error doctrine."

(ECF No. 9-2). In a per curiam opinion, the court denied his appeal; the court dismissed assignments of error 1, 5, 6, and 7 on procedural grounds and found no merit in assignments 2-4 and 8. Id.

Turner then appealed to the Supreme Court of Virginia, alleging that the Court of Appeals erred in:

2

(1) holding that the closing remarks of the prosecutor in which she challenged [Turner] who was acting pro se to explain why his actions in striking his victim were excusable and then, in rebuttal, rebuked him for not providing an explanation did not constitute improper comment on the [Turner]'s exercise of his Constitutional right against self-incrimination;

(2) refusing to consider [Turner]'s argument that the trial court violated his right to due process by denying his motion to continue the trial date because he had just been given exculpatory evidence the day before the trial;

(3) holding that any error committed by the trial court in failing to follow the mandate of § 19.2-158 of the Virginia Code that the court must inform the accused of the amount of his bail was harmless beyond a reasonable doubt; and

(4) refusing to consider the cumulative error doctrine as a basis for reversing his conviction.

Pet. for Appeal at 1-2, Turner v. Commonwealth, No. 110397 (Va. Mar. 3, 2011). The Supreme Court first dismissed assignments of error one and two for not complying with Rule 5:17(c)(1)(iii), because they failed to address the findings or ruling of the court from which the appeal was taken. (ECF No. 9-3 at 1). The Court then refused the petition as to the remaining counts. Id. Turner moved for reconsideration and presented new arguments. Pet. for Reh'g, Turner v. Commonwealth, No. 110397 (Va. Nov. 9, 2011). Specifically, he argued that:

(1) The [Court of Appeals] erroneously interpreted the merit of [his] bail hearing violations argument. That the Trial Court failed to meet the conditions of 19.2-158 (VA Code), within the time period specified by law;

(2) The [Court of Appeals] erred in not recognizing the harm caused by the imposition of an unwanted, unrequested, hostile attorney;

(3) The [Court of Appeals] erred by not properly addressing the failure of [the] Arlington County Circuit Court to lawfully arraign [him]; and

(4) The cumulative effect of all the Trial Court errors, to include the denial of a continuance, and the [Court of Appeals] errors in not acknowledging or properly addressing the described errors; in totality, denied [him] a fair trial and Petition for Appeal review.

Id. at ii-iii. The Court denied Turner's petition for a rehearing. (ECF No. 1-1 at 27).

Turner filed no claims for habeas relief in state court, but on December 14, 2012, proceeding pro se, he filed the present federal habeas petition seeking relief under 28 U.S.C. § 2254. (Pet., ECF No. 1).[1] In the federal petition Turner challenges his conviction, arguing that:

(1) the Arlington County Circuit Court failed to obtain legal jurisdiction, based upon the Commonwealth's failure to comply with federal Due Process laws, and the Interstate Agreement on Detainers Act;

(2) his due process rights were violated by the Commonwealth's failure to lawfully and timely arraign him;

(3) the trial court failed to lawfully and timely hold a bail review within the time period mandated by state law;

(4) the Commonwealth failed to fully and timely disclose exculpatory evidence;

(5) the trial court wrongfully denied his motion for a continuance after he received late discovery from the Commonwealth;

(6) the Supreme Court of Virginia and Court of Appeals of Virginia erred in not recognizing the harm caused by the imposition of an unwanted, unrequested, hostile attorney; and

(7) the cumulative effect of the errors alleged in the first six grounds, along with additional harmful errors, warrants reversal.[2]

(Br., ECF No. 1-2). On February 4, 2013, respondent filed its Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF Nos. 7-9). In accordance with Roseboro v. Garrison,

---

[1] Turner signed and dated his petition November 13, 2012. However, the Court received the petition and marked it as filed on December 14, 2012.

[2] To support Claim (7), Turner alleges several additional errors for the first time in his federal petition. These alleged errors include:
    a) Obstruction of justice and tampering with trial evidence and the appeal record;
    b) Impermissible closing arguments by the Commonwealth's Attorney, Ms. Margaret Eastman;
    c) Impeachment of the Commonwealth's primary witness: Melissa Chapel-White;
    d) False and misleading medical information given to the jury, and missing transcript elements;
    e) The perjured, harmful, and inflammatory testimony of Commonwealth witness Deputy Sean Lewis (a booking officer);
    f) The calculated and harmful, perjured testimony by arresting officer, Reginald Perry;
    g) The opening trial statement of Commonwealth's Attorney, Ms. Eastman, revealed information not supported by any testimony; direct revelation that Brady and Agur evidence exists;
    h) The prejudicial, harmful, and professionally erroneous psychological evaluation prepared by William J. Stejskal – the psychologist selected by adversarial attorney, William Douglas Wham; and
    i) Failure of the Commonwealth or Public Defender's Office to inform [Turner] of misconduct or inappropriate practices of William Douglas Wham, as it relates to the instant case.

528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Turner was advised of his right to file opposing affidavits, statements, exhibits and legal memoranda, as well as the possible consequences of failing to oppose the respondent's filing. (ECF No. 10). Turner filed a reply, and therefore, the respondent's Motion to Dismiss is ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Procedurally Defaulted Claims

#### 1. Claims (1), (2), (4), and (6), along with additional grounds alleged as support for claim (7), are simultaneously exhausted and procedurally defaulted.

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971).

Respondent contends that Turner failed to properly exhaust several of his claims and as a result those claims are procedurally defaulted. Respondent first alleges Turner did not exhaust Claims (1), (2), and (6), because he presented them to the Court of Appeals but not to the

Supreme Court of Virginia.³ (ECF No. 9 at 9-10). Respondent also asserts that Turner failed to raise Claim (4) and all but one of the additional harmful errors alleged as support for his cumulative error argument in Claim (7).⁴ Id. at 10.

After a careful review of the record, the undersigned finds that Turner did not fairly present these claims to the Supreme Court of Virginia. Claim (1) was raised to the Court of Appeals of Virginia but not to the Supreme Court of Virginia. Claims (2) and (6) were raised in Turner's petition for a rehearing to the Supreme Court of Virginia, but "[r]aising a claim [only] in a petition for rehearing does not fairly present the claim to the state's highest court" when the claims were not fairly presented in the original petition. Hedrick v. True, 443 F.3d 342, 365 n.1 (4th Cir. 2006). Claim (4) and the additional errors alleged in Claim (7) were never raised to any state court. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) ("The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal petition."). Thus, the Supreme Court of Virginia, the highest court in Virginia, has not had the opportunity to consider these claims. However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). This is the case with Turner's Claims (1), (2), (4), (6), and the additional harmful errors supporting Claim (7), and thus they are procedurally defaulted.

---

³ Respondent relies on Hedrick v. True, 443 F.3d 342, 365 n.1 (4th Cir. 2006) for its argument that "[a]lthough Turner presented claims (2) and (6) in a petition for rehearing to the Supreme Court of Virginia, '[r]aising a claim in a petition for rehearing does not fairly present the claim to the state's highest court.'"

⁴ The respondent concedes that Turner presented his claim that the Commonwealth's attorney engaged in impermissible closing arguments to the Supreme Court of Virginia on direct appeal. Turner refers to this alleged error as (7)(b).

6

Simultaneous exhaustion and default ". . . occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Breard, 134 F.3d at 619 (quoting Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991)). Turner would now be precluded from pursuing these claims in state court. He has already filed his direct appeal, and his time for filing a state habeas corpus petition has expired under Virginia Code section 8.01-654(A)(2).[5] Thus, the undersigned finds that, for the purposes of federal review, Turner's Claims (1), (2), (4), and (6), as well as the additional grounds supporting Claim (7), are simultaneously exhausted and procedurally defaulted.

### 2. Claim (5) and alleged error (7)(b) are procedurally defaulted.

Respondent further argues that Turner's Claim (5) and an additional error alleged under Claim (7), specified as (7)(b) by Turner, are also procedurally defaulted. The Supreme Court of Virginia dismissed these claims on direct appeal for failing to comply with Va. Sup. Ct. R. 5:17(c)(1)(iii), because they did not "address the findings or rulings in the court from which the appeal was taken." (ECF No. 9-3 at 1). Respondent contends that the Supreme Court of Virginia's dismissal of these claims constituted an adequate and independent state law ground. As discussed below, the Supreme Court's procedural dismissal of Turner's claims is a substantial obstacle to federal review.

Habeas claims are procedurally defaulted "[if] a state court clearly and expressly bases its dismissal . . . on a state procedural rule, and that procedural rule provides an independent and

---

[5] In order to be timely under section 8.01-654(A)(2) of the Code of Virginia, a state habeas petition "shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." More than two years have elapsed since the date of final judgment, June 30, 2009, in the trial court. (ECF No. 9-1 at 2). Likewise, more than one year has elapsed since the Supreme Court of Virginia refused Turner's direct appeal on September 21, 2011. (ECF No. 9-3).

adequate ground for the dismissal." Id. (citing Coleman, 501 U.S. at 731-32). A state rule is adequate where it is "regularly or consistently applied by the state court," and independent when it "does not depend on a federal constitutional ruling." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir.1994) (citing Johnson v. Mississippi, 468 U.S. 578, 587 (1988); Ake v. Oklahoma, 470 U.S. 68, 75 (1985)). The procedural default rule set forth in Va. Sup. Ct. R. 5:17(c)(1)(iii) constitutes an adequate and independent state-law basis for decision. See Hedrick, 443 F.3d at 360, 363 (holding that Rule 5:17(c) is firmly established in its application, and thus an adequate and independent state procedural rule foreclosing review on the merits); see also Yeatts v. Angelone, 166 F.3d 255, 264-65 (4th Cir. 1999) (same); Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999) (same). Therefore, Turner may only overcome procedural default and obtain federal review on the merits of the case, if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

### 3. Turner cannot overcome his procedural default.

In this case, Turner cannot overcome procedural default and obtain federal review on the merits for these claims, because he cannot demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice. Turner has not explicitly argued cause and prejudice grounds to overcome his procedural default. Rather, his chief argument is that not relieving his procedural default will result in a fundamental miscarriage of justice. However, some arguments set forth in his reply brief appear to present cause and prejudice grounds. The undersigned will therefore address these grounds before addressing his fundamental miscarriage of justice argument.

As an apparent argument for cause, Turner argues that Claim (1), which was dismissed

8

by the Court of Appeals for failing to comply with Rule 5A:18's requirement that objections to a trial court ruling be made with specificity to preserve the issue for appeal (ECF No. 9-2), could not be preserved for appeal, because he was not in court for his January 5 hearing and thus could not make an objection. (ECF No. 11 at 11-13). Yet, Turner cites no law for this argument, and furthermore, he gives no reason for his failure to raise this claim to the Supreme Court of Virginia. Turner next argues that he exhausted Claims (2) and (6) by raising them to the Supreme Court of Virginia in his petition for rehearing. Id. at 13-15. However, as noted above, raising these claims in the petition for rehearing did not fairly present them to the Supreme Court of Virginia. Hedrick, 443 F.3d at 365 n.1. He has supplied no reason as to why he did not raise them in his original petition for appeal to the Supreme Court. Finally, Turner has not asserted any cause for his failure to exhaust Claim (4) and the additional errors alleged under Claim (7), nor for his failure to comply with Rule 5:17(c)(1)(iii) for Claims (5) and (7)(B). Accordingly, Turner cannot meet the burden required to avoid procedural default under the cause and prejudice exception because he has not shown some objective factor – external to the defense – that impeded his ability to comply with the state procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986).

Turner's primary argument to overcome his procedural default relies on his claim that he is "actually innocent," a claim explicitly tied to the discovery of new evidence and the fundamental miscarriage of justice exception. Schlup v. Delo, 513 U.S. 598, 321 (1995). A habeas corpus petitioner's claim of actual innocence is a gateway by which an otherwise barred constitutional claim may be reviewed in federal court. Id. at 315. In order to excuse procedural default under this exception, Turner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Royal v. Taylor, 188 F.3d 239,

243-44 (4th Cir. 1999) (quoting Schlup, 513 U.S. at 327). Here, Turner cannot meet the burden required to avoid procedural default under this exception because the factual contentions underlying his claim are too vague and conclusory.

Turner presents no new evidence and most of his reply brief consists of conclusory statements that he is innocent and that not overturning his conviction will result in a miscarriage of justice. Turner's first claim to support his innocence is that Deputy Sean Lewis falsely testified that Turner admitted to striking the victim in the face. (ECF No. 11 at 4). Turner argues that all the evidence in the record supports that he unwaveringly maintained that he was the victim of an unprovoked assault. Id. However, Turner's statement that he was the victim of an assault does not negate Lewis' testimony that Turner admitted to striking the victim. Moreover, Turner had an opportunity to cross-examine Lewis at trial, but the jury ultimately found Turner guilty of malicious wounding. Turner has presented no evidence that demonstrates Lewis' testimony was false or would make it more likely than not that no reasonable juror would have convicted him.

Turner's only other argument supporting actual innocence is that exculpatory evidence, which may prove his innocence, was withheld from him. Turner refers to no specific materials other than a Washington D.C. Metro police report. He has not proffered what this report or any other allegedly exculpatory evidence would demonstrate. Because he has not provided new evidence demonstrating actual innocence, no fundamental miscarriage of justice results from declining to review his procedurally defaulted claims.

Accordingly, the undersigned finds that Turner has not met his burden to demonstrate cause and prejudice for the default, nor shown that failure to review his claims will result in a fundamental miscarriage of justice, and therefore, Claims (1), (2), (4), (5), (6) and the additional

errors alleged as support for Claim (7) are procedurally barred.

**B. Review of Claims (3) and (7) on the merits.**

Once a petitioner's state remedies have been exhausted, under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant relief on any claim adjudicated on the merits by the state court, unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the court arises at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003).

**1. Claim (3)**

Turner contends that his due process rights were violated by the trial court's failure to lawfully and timely hold a bail hearing. (ECF No. 1-2 at 35). Specifically, Turner argues the trial court violated section 19.2-158 of the Code of Virginia by failing to conduct a bail review at the January 5 hearing. The Court of Appeals of Virginia considered this claim on the merits and after quoting section 19.2-158[6] held that:

---

[6] Section 19.2-158 states:

Assuming the trial court erred by failing to advise appellant of the amount of bail and his right to counsel, appellant has suggested nothing to show he was prejudiced by the omission. With respect to the amount of bail, appellant cites nothing in the record to suggest that bail had been set. Moreover, the commitment order signed by the magistrate on December 31, 2008, states that appellant was being "[h]eld without bail." Accordingly, the trial court had nothing to communicate to appellant.

Furthermore, because appellant was already represented by counsel, the trial court was not required to advise appellant of his right to legal representation. See Van Sant v. Commonwealth, 224 Va. 269, 274-75, 295 S.E.2d 883, 886-87 (1982) (trial court's compliance with Code § 19.2-157 requirement to advise defendant of right to counsel "unnecessary" where defendant had dismissed retained counsel and moved to proceed *pro se*). Finally, appellant, who had strenuously objected to formal legal representation, cannot approbate and reprobate and thus claim prejudice by any failure to strictly comply with the requirements of Code § 19.2-158. See Graves v. Commonwealth, 12 Va. App. 53, 56-57, 402 S.E.2d 500, 502 (1991) ("Even if a significant and unjustified delay in appoint counsel occurs, that delay does not rise to constitutional dimension if the record affirmatively shows that no prejudice resulted.").

Based upon the record, any error committed by the trial court in failing to follow the procedures in Code § 19.2-158 was harmless beyond a reasonable doubt. See Van Sant, 224 Va. at 275, 295 S.E.2d at 887 (where trial court could determine from defendant's responses to trial court's inquiries that defendant "was prepared and determined to represent himself[,]" error in failing to have defendant execute waiver form was harmless beyond a reasonable doubt). See also Bolden v. Commonwealth, 11 Va. App. 187, 193, 397 S.E.2d 534, 537 (1990) ("[R]equirements set forth in Code §§ 19.2-157, 159 and 160 are procedural guidelines, not jurisdictional requirements.").

(ECF No. 9-2 at 8-9). This holding of the Court of Appeals rests solely on state grounds and does not address federal law.

---

Every person charged with an offense described in § 19.2-157, who is not free on bail or otherwise, shall be brought before the judge of a court not of record, unless the circuit court issues process commanding the presence of the person, in which case the person shall be brought before the circuit court, on the first on which such court sits after the person is charged, at which time the judge shall inform the accused of the amount of his bail and his right to counsel. The court shall also hear and consider motions by the person or Commonwealth relating to bail or conditions of release . . . . If the court not of record sits on a day prior to the scheduled sitting of the court which issued process, the person shall be brought before the court not of record.

No hearing on the charges against the accused shall be had until the foregoing conditions have been complied with, and the accused shall be allowed a reasonable opportunity to employ counsel of his own choice, or, if appropriate, the statement of indigence provided for in § 19.2-159 may be executed.

After careful review, the undersigned finds no unreasonable determination of fact, nor any unreasonable application of federal law in the Virginia Court of Appeals' analysis. While Turner attempts to link his claim to federal due process violations in his federal petition, his arguments to the Court of Appeals and Supreme Court of Virginia were limited to analysis of section 19.2-158. His argument therefore appears to rest solely on the state courts' application of state law. Ordinarily, "it is not the province of a federal habeas court to re-examine state court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999). Therefore, because Turner's claim rests solely upon an interpretation of state law, it is not cognizable on federal habeas review. Weeks, 176 F.3d at 262. Moreover, even if Turner were properly alleging a federal basis for review, his bail review claim is not a basis for attacking his conviction and sentence. Murphy v. Hunt, 455 U.S. 478, 481 (1982) (noting that a claim to pretrial bail is moot once the defendant is convicted). Turner has thus failed to show that the Court of Appeals decision was contrary to federal precedent, unreasonably applied federal law, or based on a faulty determination of the facts. Therefore, the undersigned recommends that Claim (3) be dismissed.

### 2. Claim (7)

Turner's final claim relies on the cumulative error doctrine. The cumulative error doctrine is an unusual remedy which is rarely applied when none of the defendant's claims warrant reversal individually. United States v. Basham, 561 F.3d 302, 330 (4th Cir. 2009). Under this doctrine, "[t]he cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error." Id. "To satisfy this requirement, such errors must so fatally infect the trial that they violated the trial's fundamental fairness." Id. Therefore, if none of the individual rulings create a cognizable harm,

"[i]t necessarily follows that the cumulative error doctrine finds no foothold." Id.

Turner argues that the cumulative effect of all trial court errors rendered his trial unfair and denied him due process. (ECF No. 1-2 at 61). Turner relies on Claims (1)-(6) as well as the additional sub-grounds alleged in his petition to support his claim. Id. at 62-63. However, as noted above, the additional errors alleged were never presented to the state courts and are thus procedurally barred. The Court of Appeals addressed this claim on the merits and held that since "none of the issues raised by [Turner] are disposed of on harmless error grounds, we need not reach this issue." (ECF No. 9-2 at 13).

The undersigned finds that the Court of Appeals ruling is not contrary to federal law. Likewise, the ruling was not based upon an unreasonable determination of fact, nor an unreasonable application of federal law. As a threshold matter, Turner must first establish at least two errors before he can rely on the cumulative error doctrine. Daniel v. West Virginia, 191 F.3d 447 (unpublished), No. 97-6806, at *8 (4th Cir. 1999) ("Cumulative effect analysis only applies where there are two or more actual errors, not to the cumulative effect of non-errors."). Because Turner has not established any error, he has not established that his trial was so fundamentally unfair that it violated his due process rights. Id. Therefore, he has not demonstrated that the Court of Appeals' application of federal law was "objectively unreasonable," nor based on an unreasonable determination of fact. Accordingly, the undersigned recommends Claim (7) be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, and that Turner's petition for a writ of habeas corpus under 28 U.S.C. ' 2254 be DENIED and the claim DISMISSED with prejudice.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/<br>
Douglas E. Miller<br>
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 14, 2013